Harry Gold, P.C. Kingston Housing Authority
You have asked if a public housing authority is exempt from paying that portion of a utility company's bill which is attributable to the taxes levied on the utility by a governmental agency.
As your authority you cite Public Housing Law, § 52 (1) which states, "an authority shall be exempt from the payment of any taxes or fees to the state or any subdivision thereof * * *." However, the Kingston authority is not, in the instant case, paying taxes to the State or any subdivision. It is paying its bill to Central Hudson Gas and Electric Company.
Tax Law § 186-a provides for a gross income tax to be levied by the State against a utility company. Subdivision 7 states that such tax "* * * shall constitute a part of the operating costs of such utility." Cities and villages are also authorized to impose the same tax on
utilities (General City Law, § 20-b; Village Law, § 5-530). Originally, the Public Service Commission permitted the city and village taxes to be treated as a system operating cost. Beginning in 1970 the Commission permitted a utility to allocate the local tax as an operating cost to customers within the taxing municipality. (For a general discussion of allocation see Lotto v Long Island Lighting Co., 58 A.D.2d 431, affd 45 N.Y.2d 978 [1978].)
This allocated operating cost is not a direct tax subject to the exemption granted under Public Housing Law, § 52 (1). In our opinion, therefore, the Kingston Housing Authority must continue to pay that portion of its Central Hudson Gas and Electric Company bill which is attributable to the operating tax on the utility itself.